IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN POWELL
AND
JOHNATHAN POWELL,
Plaintiffs

v.                                                    CIVIL ACTION NO.:

CITY OF HOUSTON, THROUGH
CITY SECRETARY, PAT DANIEL
CHIEF OF POLICE, CHIEF J. NOE DIAZ

CITY OF KATY, THROUGH
KATY CITY SECRETARY, HONORABLE BECKY L. MC GREW
CHIEF OF POLICE, CHIEF BRYON WOYTEK

UNKNOWN OFFICERS of Houston Police Department and Katy Police Department,
Individually and in their Official Capacities,
Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)
### INTRODUCTION

1. This is a civil rights action brought under **42 U.S.C. § 1983** to redress the deprivation of

   Plaintiffs' constitutional rights due to excessive force, unlawful search and seizure,

   destruction of property, false imprisonment, and municipal liability under Monell.

2. Plaintiffs seek compensatory damages, punitive damages, and attorney's fees under **42**

   **U.S.C. § 1988**.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343** as this action arises under federal law.

4. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)**, as the events giving rise to this claim occurred within the **Southern District of Texas**.

## PARTIES

5. **Plaintiff John Powell** is a resident of Harris County, Texas.

6. **Plaintiff Jonathan Powell** is a resident of Harris County, Texas.

7. **Defendant City of Houston** is a municipality organized under Texas law and responsible for the actions of its police department through City Secretary Pat Daniel.

8. **Defendant Pat Daniel** is the City of Houston Secretary for Houston, Texas, and, is sued in her official capacity

9. **Defendant J. Noe Diaz** is the Chief of the Houston Police Department and is sued in his official capacity.

10. **Defendant City of Katy** is a municipality organized under Texas law and responsible for the actions of its police department through City Secretary Becky L. Grew.

11. **Defendant Honorable Becky L. Mc Grew** is the City Secretary for Katy, Texas, and is sued in her official capacity.

12. **Defendant Bryon Woytek** is the City Chief of Police for Katy, Texas and is sued in his official capacity.

2

13. **Defendant Unknown Officers** are officers employed by the **Houston Police Department** and **Katy Police Department**, whose names are presently unknown, sued in their individual and official capacities.

---

## FACTUAL ALLEGATIONS

## MASTER EXHIBIT LIST

- **EXHIBIT "A: BROKEN FRENCH DOORS TO WORKSHOP**

- **EXHIBIT "B": BROKEN DEADBOLT LOCK ON WORKSHOP DOOR**

- **EXHIBIT "C": BEDROOM DOOR "KICKED IN"**
- 

- **EXHIBIT "D" : BROKEN 50-INCH TELEVISION SCREEN AT MY SON'S RESIDENCE**

- **EXHIBIT "E" : COMMERCIAL LOCKS BROKEN ON CUSTOMER STORAGE**

- **EXHIBIT "F": NOTARIZED NOTICE OF CLAIM LETTER REGARDING PROPERTY DAMAGE TORT CLAIMS AND INTENT TO LITIGATE**

- **EXHIBIT "G: CITY OF KATY DENIAL LETTER**

- **EXHIBIT "H": CORRESPONDENCE FROM LEGAL DEPARTMENT ATTORNEY ON CASE RANDY ZAMORA**

- **EXHIBIT "I": TWELVE (12) PICTURES OF POLICE ENFORCEMENT AT THE PREMISE OF PLAINTIFFS**

## FACTS

12. On **November 8, 2023**, Defendants conducted a non-warranted search of Plaintiffs' residence, located in **Harris County, Texas.**

13. During the unlawful search, Defendants forcibly broke Plaintiffs' **French doors, deadbolt locks, bedroom doors, commercial storage locks**, and **destroyed a 50-inch television** at Jonathan Powell's residence.

14. Plaintiff **Jonathan Powell** was unlawfully handcuffed during the incident without any justification.

15. Plaintiff **John Powell** was subjected to excessive force and intimidation during the incident.

16. An unrelated customer present at the property was also physically restrained by Defendants.

17. No valid search warrant or justification was provided for the entry, destruction, and forceful restraint of individuals.

18. Plaintiffs suffered severe **mental distress, reputational harm, and defamation of character** due to these actions.

19. Defendant City of Houston and Defendant City of Katy had a pattern and practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers.

20. Defendants Chief of Police for City of Houston and Chief of Police for City of Katy knew or should have known that officers were engaging in such conduct and failed to take corrective action.

4

## CAUSES OF ACTION

### COUNT I - UNLAWFUL SEARCH AND SEIZURE
### (FOURTH AMENDMENT - 42 U.S.C. § 1983)

21. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

22. Defendants violated Plaintiffs' **Fourth Amendment** rights by unlawfully searching their property and seizing/destroying personal property without a warrant or probable cause.

23. As a direct and proximate result, Plaintiffs suffered **financial loss, emotional distress, and reputational harm.**

### COUNT II - EXCESSIVE FORCE (42 U.S.C. § 1983)

24. Defendants violated Plaintiffs' **Fourth and Fourteenth Amendment** rights by using excessive force during the incident, unlawfully detaining Jonathan Powell, and restraining an unrelated customer.

25. Defendants acted with deliberate indifference and malice.

26. As a direct and proximate result, Plaintiffs suffered **mental anguish, emotional distress, and physical harm.**

### COUNT III - MUNICIPAL LIABILITY MONELL V. DEPARTMENT OF SOCIAL
### SERVICES OF THE CITY OF NEW YORK, 436 U.S. 658 (1978)

27. Defendant **City of Houston** and **City of Katy** maintained an official policy, custom, or practice that led to the constitutional violation.

28. Defendant cities **failed to properly train and supervise their officers**, exhibiting deliberate indifference to the rights of citizens.

29. Defendant's actions and omissions were the moving force behind Plaintiffs' injuries.

## COUNT IV - FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983)

30. Defendant cities failed to adequately train and supervise their officers regarding proper use of force and lawful search and seizure.

31. Defendants exhibited **deliberate indifference** by allowing a pattern of unconstitutional actions to persist.

32. As a direct result, Plaintiffs suffered damages.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW CLAIM)

33. Defendants' conduct was extreme and outrageous, causing severe emotional distress to Plaintiffs.

34. Plaintiffs seek damages of **$500,000.00** for the intentional infliction of emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows: A. **Compensatory damages** for financial loss, property destruction, emotional distress, and reputational harm; B. **Punitive damages** of **$250,000.00** for **JOHN POWELL** and **$250,000.00** for **JOHNATHAN POWELL** against individual officers for malicious conduct; C. **Attorney's fees and costs** pursuant to **42 U.S.C. § 1988**; D. **Injunctive relief** requiring Defendant cities to reform their police training and supervision; E. **Any other relief the Court deems just and proper.**

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

Respectfully submitted,

_Wayman L. Prince, Attorney at Law   /s/_____
Wayman L. Prince, Attorney at Law
**LAW OFFICE OF ATTORNEY WAYMAN L. PRINCE**
9111 Katy Freeway – Suite 301, Houston, Texas 77024
(713) 467-1659
(713) 467-1686 Fax
E-Mail: wayman@wlplaw.com
T.B.A. #16329350
Southern District No: 7315
WLP/MD