United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN POWELL & JOHNATHAN POWELL, § § Plaintiffs, § § vs. § CITY OF HOUSTON, *et al.*, § § § Defendants. § | CIVIL ACTION NO. H-25-1360 |

**MEMORANDUM OPINION AND ORDER GRANTING
THE CITY OF KATY'S MOTION TO DISMISS**

John Powell and Johnathan Powell, through counsel, have sued the City of Houston; City of Houston Secretary Pat Daniel; City of Houston Police Chief J. Noe Diaz; the City of Katy; City of Katy Secretary Becky L. McGrew; City of Katy Police Chief Byron Woytek; and various unidentified City of Houston and City of Katy police officers under 42 U.S.C. § 1983 and state law. (Docket Entry No. 2). Their claims arise out of an incident that occurred at the Powell residence in Harris County, Texas. (*Id.*). The City of Katy, Secretary McGrew, and Chief Woytek moved to dismiss the Powells' amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 9). The Powells responded, and the City of Katy replied on behalf of itself, Secretary McGrew, and Chief Woytek.[1] (Docket Entries Nos. 12, 17). Based on the court's review of the motion, the response and reply, the record, and the law, the court grants the City's motion and dismisses this action against the City of Katy, Secretary McGrew, and Chief Woytek, with prejudice because leave to amend would be futile. The reasons for these rulings are explained below.

---

[1] The City of Houston and Chief Diaz have filed separate motions to dismiss. (Docket Entry Nos. 11, 13). These motions will be addressed in separate orders.

**I.     Background**

In their amended complaint, the Powells allege that on November 8, 2023, the "Defendants" conducted a warrantless search of their residence in Harris County. (Docket Entry No. 2, p. 4). During the search, the "Defendants" broke a set of French doors, several deadbolts, bedroom doors, commercial storage locks, and a television. (*Id.*). The Powells allege that Johnathan Powell was "unlawfully handcuffed" during the search, and that John Powell was subjected to excessive force and intimidation. (*Id.*). The Powells allege that they suffered mental distress, reputational harm, and defamation of character. (*Id.* at 4). They seek compensatory and punitive damages, an injunction to require additional police training, and attorney's fees and costs. (*Id.* at 6-7).

The Powells' amended complaint asserts claims for unlawful search and seizure, excessive force, municipal liability, failure to train and supervise, and intentional infliction of emotional distress. (*Id.* at 5-6). To support their claims for municipal liability, the Powells allege that the City "had a pattern or practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers." (*Id.* at 4). The amended complaint alleges:

27. [Defendant] City of Houston and City of Katy maintained an official policy, custom, or practice that led to the constitutional violation.
28. [The] defendant cities failed to properly train and supervise their officers, exhibiting deliberate indifference to the rights of citizens.
29. [The] defendants' actions and omissions were the moving force behind the plaintiffs' injuries.
30. [The] defendant cities failed to adequately train and supervise their officers on the proper use of force and on lawful search and seizure.
31. [The] defendants exhibited deliberate indifference by allowing a pattern of unconstitutional actions to persist.
32. As a direct result, [the Powells] suffered damages.

(*Id.* at 6). The Powells allege that Chief Woytek "knew or should have known" that his officers were engaging in unconstitutional conduct but failed to take corrective action. (*Id.* at 5). The

amended complaint does not contain any other allegations, factual or legal, relating to the Powells' claims against the City of Katy, Secretary McGrew, or Chief Woytek.

The City of Katy moved to dismiss the claims against it, Secretary McGrew, and Chief Woytek under Rule 12(b)(6). (Docket Entry No. 9). The City contends that the amended complaint is conclusory and does not allege facts sufficient to state a claim for municipal liability. (*Id.* at 4-7). The City contends that the claims against Secretary McGrew and Chief Woytek in their official capacities should be dismissed as redundant of their claims against the City. (*Id.* at 7). And the City contends that the claims for intentional infliction of emotional distress are barred by the Texas Tort Claims Act. (*Id.* at 7-8).

In their response, the Powells allege new facts about their claims for unlawful search and seizure, the use of excessive force, and municipal liability. (Docket Entry No. 12, pp. 6-8, 11-14, 15-17). The Powells contend that their claims against Secretary McGrew and Chief Woytek are not redundant of those against the City. (*Id.* at 4-6). And they clarify that their claims for intentional infliction of emotional distress are filed only against the individual police officers in their individual capacities, not against the City or Secretary McGrew or Chief Woytek in their official capacities. (*Id.* at 9-11). The Powells maintain that they have sufficiently pleaded all of their claims. (*Id.* at 14-15). Despite this assertion, they contend that they should be permitted discovery into their claims of municipal liability to discover the facts needed to support those claims. (*Id.* at 14). In addition, they ask to be granted leave to amend if the court finds any aspect of their amended complaint to be deficient. (*Id.* at 18).

In its reply, the City asserts that the Powells may not avoid a motion to dismiss by alleging new facts in response to the motion. (Docket Entry No. 17, p. 2). The City also contends that, even with the proposed new allegations, the Powells fail to allege actionable claims. (*Id.* at 2-5).

## II. The Legal Standards.

### A. Actions Under 42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties— can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. The Legal Standard for a Motion to Dismiss.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). This includes documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims,

and publicly available judicial documents. *See Payne v. City of Houston*, Appeal No. 24-20150, 2025 WL 999085, at *1 (5th Cir. Apr. 3, 2025).

In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But to survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

**III.    Discussion.**

    **A.    The Claims for Municipal Liability Against the City of Katy.**

The Powells allege that the City of Katy is liable for their injuries because it "maintained an official policy, custom, or practice" the led to the constitutional violation they allege and because it failed to train and supervise its employees. (Docket Entry No. 2, p. 6). The City contends that the Powells' allegations fail to state a claim upon which relief can be granted. A

close review of the Powells' amended complaint shows that it does not allege sufficient facts to state a claim against the City under any theory of municipal liability, making dismissal appropriate.

### 1. The Legal Standards for Municipal Liability Claims.

Under § 1983, municipalities are not liable for the unconstitutional actions of their employees under the doctrine of *respondeat superior*. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, plaintiffs seeking relief against a municipal defendant, such as a city or county, must plead facts that could show that the alleged unconstitutional conduct is "directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In general, this requires the plaintiffs to (1) identify an official policy, (2) that was promulgated by a municipal policymaker, and (3) that was the moving force behind the violation of a constitutional right. *See Henderson v. Harris County, Tex.,* 51 F.4th 125, 130 (5th Cir. 2022) (per curiam), *cert. denied*, 143 S. Ct. 2661 (2023). The factual allegations necessary to establish these elements depend on the nature of the plaintiffs' municipal liability claim. But in all cases, "to get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Id.* (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)).

#### a. The Claims of Unconstitutional Policies or Practices.

To state a claim based on an allegedly unconstitutional policy or practice, the plaintiffs must first identify the official policy underlying the alleged violation. An official policy may be either (1) "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority," or (2) "[a] persistent, widespread practice of city

officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). When the plaintiffs allege that a municipality is liable for an unwritten custom or practice, the plaintiffs must also allege facts showing that the municipality had actual or constructive knowledge of that custom or practice. *Id.* This requires factual allegations showing that the actions of municipal employees "have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Id.* at 842. Isolated incidents of unconstitutional conduct are not sufficient to meet this standard. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

The plaintiffs must also allege facts showing that the policy was the moving force behind the alleged violation. To do this, the plaintiffs may show that either: (1) the policy itself violated federal law or authorized or directed the deprivation of federal rights; or (2) the policy was adopted or maintained with "deliberate indifference" to its known or obvious consequences. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997)). To show deliberate indifference, the plaintiffs must allege facts demonstrating a "pattern of similar violations" that are sufficient to put the municipal policymaker on notice that a constitutional violation may result from their failure to act. *Liggins v. Duncanville, Tex.*, 52 F.4th 953, 956 (5th Cir. 2022).

      **b. The Claims for the Failure to Train.**

To allege a claim for municipal liability on a theory of a failure to train, the plaintiffs must allege facts showing that: "(1) the city failed to train or supervise the officers involved; (2) there

7

is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson v. Dallas County, Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). To show deliberate indifference, the plaintiffs must allege facts showing that municipal policymakers made "a deliberate choice to follow a course of action . . . from among various alternatives." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989) (cleaned up). To establish this "deliberate choice," the plaintiffs must allege facts showing "a pattern of similar constitutional violations by untrained employees," that would show that the policymaker had notice that the particular course of training is inadequate but failed to respond. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011). And "[w]hile the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

### c. The Claims for the Failure to Supervise.

To allege a claim for municipal liability on a theory of a failure to supervise, the plaintiffs must allege facts showing that (1) the city failed to supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise and the alleged violation of the plaintiff's rights; and (3) it was, or should have been, obvious to municipal policymakers that the "highly predictable consequence" of not supervising the officers was that the officers would violate the plaintiffs' constitutional rights. *See, e.g., Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994). As with a claim for failure to train, plaintiffs claiming a failure to supervise must allege facts showing a pattern of similar violations that would make the need for more supervision "obvious." *City of Canton,* 489 U.S. at 390. "Plaintiffs must show that in light of the duties assigned to specific

officers or employees the need for more or different [supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Murray v. LeBlanc*, 629 F. Supp. 3d 437, 457 (M.D. La. 2022) (cleaned up).

### 2. The Powells' Allegations.

The Powells' only allegation against the City is that it "had a pattern or practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers." (Docket Entry No. 2, p. 4). The amended complaint does not contain any *facts* to support this conclusory allegation. The Powells do not allege *facts* showing that there is a persistent, widespread practice by City employees of conducting warrantless searches or using excessive force that is so common and well settled as to constitute a custom that fairly represents municipal policy. They do not allege *facts* showing a pattern of similar constitutional violations by untrained or unsupervised City police officers that would be sufficient to put City officials on notice of the need for more or different training or supervision, which it subsequently ignored. Instead, the amended complaint contains only conclusory allegations based on the single alleged incident at the Powells' residence. Such "naked assertions" of the elements of a cause of action that are "not supported by further factual enhancement" are insufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678. In the absence of any factual allegations showing a pattern of similar violations that City officials ignored, the Powells' amended complaint fails to state a claim for municipal liability.

In their response to the City's motion to dismiss, the Powells allege additional facts about the incident that occurred at their residence. (Docket Entry No. 12, pp. 11-14, 15-17). But the court may not consider new facts alleged for the first time in a response to a motion to dismiss

when ruling on that motion. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint."). And even if the court could consider these new allegations, the Powells still do not allege *facts* showing that City had a policy of permitting unwarranted searches or using excessive force or that there was a pattern or practice of similar violations to which the City was deliberately indifferent. The Powells' conclusory allegations of unspecified past wrongdoing, with no factual allegations of a specific pattern of prior violations, do not satisfy the required pleading standard and are insufficient to state a claim.

Rather than alleging specific facts concerning prior constitutional violations, the Powells direct the court's attention to the case of *McNeal v. City of Katy*, No. 23-20054, 2023 WL 7921201 (5th Cir. Nov. 16, 2023) (per curiam), contending that it provides factual support for their claim of a pattern or practice of unconstitutional conduct by City of Katy police officers. (Docket Entry No. 12, p. 3). The Powells cite no authority for their position that the factual basis of a prior published appellate decision may be incorporated into their amended complaint by reference to satisfy their pleading burden, and this court is aware of none. *Compare Reyes v. Greer*, 686 F. Supp. 3d 524, 545 (W.D. Tex. 2023) (rejecting the plaintiff's attempt to meet his pleading burden by "incorporat[ing], wholesale, the factual bases for this Division's recent civil rights decisions into his Complaint by one oblique reference"). But even if the court considers those facts, the Fifth Circuit in *McNeal* specifically found that City of Katy police officers did not use excessive force in that instance, and the court affirmed the dismissal of the claims against the City because no constitutional violation had occurred. *See McNeal*, 2023 WL 7921201, at *4. Those facts do not plead or show a pattern or practice of deliberate indifference to constitutional violations sufficient to support the Powells' claim.

The Powells also seem to contend that they should be entitled to conduct discovery before alleging the specific facts necessary to support their claims. (Docket Entry No. 12, p. 18). But "a party must have a good faith legal and factual basis for a claim *before* a claim is made." *Byrd v. Madisonville Consol. Indep. Sch. Dist.*, No. 4:19-CV-4473, 2020 WL 2850755, at *1 (S.D. Tex. June 1, 2020). The Rules of Civil Procedure do not permit a plaintiff to make boilerplate allegations in a complaint and then argue in response to a motion to dismiss that he will allege further facts after discovery. *See Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (per curiam) (explaining that "a plaintiff needs to exercise reasonable due diligence and provide some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct") (cleaned up); *Byrd*, 2020 WL 2850755, at *1 (rejecting the plaintiff's argument that she should be allowed discovery so that she could allege facts to support her claim for municipal liability). The Powells' argument that they should be permitted to engage in discovery *before* they plead a sufficient claim against the City turns the Rules of Civil Procedure upside down.

In sum, the Powells' amended complaint does not allege sufficient facts to support a claim of municipal liability against the City. The City's motion to dismiss these claims is granted, and the Powells' claims against the City for municipal liability, failure to train, and failure to supervise are dismissed.

### 3. The Powells' Request for Leave to Amend.

While the Powells maintain that their amended complaint sufficiently alleges a claim for municipal liability under multiple theories, they ask the court, in the alternative, to grant them leave to amend their complaint "if the Court finds [their] claims deficient in any respect."

In general, courts will provide parties with an opportunity to amend their pleadings before dismissing a complaint. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). But leave to amend is not required when the plaintiff has already pleaded his "best case." *Id.* The Fifth Circuit has repeatedly held that a plaintiff is not entitled to insist on one hand that his complaint sufficiently states a claim while on the other hand asking for leave to amend if the court disagrees, particularly when the plaintiff also fails to furnish the court with a proposed amended pleading. *See, e.g., Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2023) (finding no abuse of discretion in the district court's denial of leave to amend when the plaintiffs, "almost as an afterthought, . . . tacked on a general curative amendment request" at the end of their response to a motion to dismiss without demonstrating how they would cure the pleading defects); *Babb v. Dorman,* 33 F.3d 472, 479 (5th Cir. 1994) (affirming the refusal to grant a plaintiff leave to amend his complaint because he declared the sufficiency of his pleadings and did not offer a sufficient amended complaint in response to the defendant's motion to dismiss); *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986) (when the plaintiff declares the adequacy of his complaint and fails to file an amended or supplemental complaint, the plaintiff "cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold"); *see also Jackson v. Town of Bernice*, No. 18-757, 2018 WL 4926343, at *6 (W.D. La. Sept. 21, 2018) ("Having chosen not to amend and simply state that the initial pleading is sufficient, Jackson is not entitled to additional opportunities to replead his claims at this time."), *report and recommendation adopted*, 2018 WL 4924027 (W.D. La. Oct. 10, 2018).

In this case, the Powells maintain throughout their response that they have alleged sufficient facts to support a claim for municipal liability against the City under multiple theories.

Because they contend that their existing allegations are sufficient, they have not filed a proposed second amended complaint. Having maintained that they have already filed their best case, the Powells have not shown that they are entitled to leave to amend. Their request for leave to file a second amended complaint against the City is denied.

### B. The Claims Against Secretary McGrew and Chief Woytek.

The Powells sue Secretary McGrew and Chief Woytek solely in their official capacities. Secretary McGrew and Chief Woytek move to dismiss these claims as redundant of the Powells' claims against the City.

When a government employee is sued in his or her official capacity, the employing entity is the real party in interest for the action. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Because a claim against a government employee in his or her official capacity is tantamount to a suit against the municipal entity, "when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as 'redundant' to the municipal-entity claim." *Schweitzer v. Dagle*, No. 3:22-CV-00273, 2024 WL 1348415, at *5 (S.D. Tex. Mar. 27, 2024), *report and recommendation adopted,* 2024 WL 1622636 (S.D. Tex. Apr. 15, 2024) (cleaned up).

The Powells' claims against Secretary McGrew and Chief Woytek in their official capacities are redundant to those pleaded against the City and so are subject to dismissal on the same basis as their claims against the City. The City's motion to dismiss the claims against Secretary McGrew and Chief Woytek is granted, and the claims against them are dismissed with prejudice as redundant.

### C. The Claims for Intentional Infliction of Emotional Distress.

The Powells allege claims for intentional infliction of emotional distress against "the defendants." To the extent that they bring this claim against the City under § 1983, they fail to state a claim upon which relief can be granted because such claims do not allege a violation of a constitutional right. *See Wolfe v. Quave,* 79 F. App'x 648, 648 (5th Cir. 2003) (per curiam) (a "claim for intentional infliction of emotional distress fails to rise to the level of a constitutional violation"); *Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) ("[A] tort law claim of intentional infliction of emotional distress does not give rise to a constitutional deprivation actionable under [§] 1983."); *Dibrell v. Huber*, No. CIV.A.H-04-4854, 2006 WL 14570, at *4 (S.D. Tex. Jan. 3, 2006) ("[A] claim of intentional infliction of emotional distress . . . cannot form the basis of a § 1983 action because there is no constitutionally protected interest at stake.").

In addition, the City is immune from this claim under state law. A Texas municipality, such as the City, is immune from actions under Texas common law unless the Texas legislature has expressly waived that city's governmental immunity. *See Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994). The legislature has waived immunity only to the extent explicitly stated in the Texas Tort Claims Act. *See Lowe v. Tex. Tech. Univ.,* 540 S.W.2d 297, 298-99 (Tex. 1976) (citing TEX. CIV. PRAC. & REM. CODE § 101.001–.109); *Harris Cnty. Sports & Convention Corp. v. Cuomo*, 604 S.W.3d 149, 153 (Tex. App.–Houston [14th Dist.] 2020, no pet.). The Texas Tort Claims Act waives immunity in only three areas: (1) use of publicly owned vehicles, (2) premises defect, and (3) conditions or use of tangible property. *See Mogayzel v. Tex. Dep't of Transp.*, 66 S.W.3d 459, 464 (Tex. App.—Fort Worth 2001, pet. denied). And the Texas Tort Claims Act specifically maintains immunity from actions arising out of intentional torts. *See Cox v. City of Fort Worth, Tex.*, 762 F. Supp. 2d 926, 935 (N.D. Tex. 2010). This

includes claims arising out of "assault, battery, false imprisonment, or any other intentional tort." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 101.057); *see also Thomas v. State*, 294 F. Supp. 3d 576, 614 (N.D. Tex. 2018) (claims for intentional infliction of emotional distress are intentional torts from which the City is immune).

The Powells' claims against the City for intentional infliction of emotional distress do not fall within any of the three exceptions to immunity provided by the Texas Tort Claims Act. The claims are instead of an intentional tort. Because the City is immune from these claims, the City's motion to dismiss them is granted. The Powells' claims against the City for intentional infliction of emotional distress are dismissed, with prejudice because leave to amend would be futile.

**IV.     Conclusion**

Based on the above, the court orders that the City of Katy's motion to dismiss, (Docket Entry No. 9), is granted. The Powells' claims against the City of Katy, Secretary McGrew, and Chief Woytek are dismissed with prejudice for failure to state a claim.

SIGNED on June 6, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge