United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN POWELL & JOHNATHAN POWELL, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-25-1360 |
| § | |
| CITY OF HOUSTON, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER GRANTING
THE CITY OF HOUSTON'S MOTION TO DISMISS**

John Powell and Johnathan Powell, through counsel, have sued the City of Houston; City of Houston Secretary Pat Daniel; City of Houston Police Chief J. Noe Diaz; the City of Katy; City of Katy Secretary Becky L. McGrew; City of Katy Police Chief Byron Woytek; and various unidentified City of Houston and City of Katy police officers under 42 U.S.C. § 1983 and state law. (Docket Entry No. 2). Their claims arise out of an incident that occurred at the Powell residence in Harris County, Texas. (*Id.*). The City of Houston moved to dismiss the Powells' amended complaint, the Powells responded, and the City of Houston replied.[1] (Docket Entries Nos. 11, 12, 16). Based on the court's review of the motion, the response and reply, the record, and the law, the court grants the motion and dismisses this action against the City of Houston, with prejudice because amendment would be futile. The reasons for this ruling are explained below.

**I.    Background**

In their amended complaint, the Powells allege that on November 8, 2023, the "Defendants" conducted a warrantless search of their residence in Harris County. (Docket Entry

---

[1]The City of Katy, for itself and on behalf of Secretary McGrew and Chief Woytek, and City of Houston Police Chief Diaz filed separate motions to dismiss. (Docket Entry Nos. 9, 13). These motions are addressed in separate orders.

No. 2, p. 4). During the search, the "Defendants" broke a set of French doors, several deadbolts, bedroom doors, commercial storage locks, and a television. (*Id.*). The Powells allege that Johnathan Powell was "unlawfully handcuffed" during the search, and that John Powell was subjected to excessive force and intimidation. (*Id.*). They assert claims for unlawful search and seizure, excessive force, municipal liability, failure to train and supervise, and intentional infliction of emotional distress. (*Id.* at 5-6).

As to their claims for municipal liability, the Powells allege that the City "had a pattern or practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers." (*Id.* at 4). The amended complaint alleges:

> 27. Defendant City of Houston and City of Katy maintained an official policy, custom, or practice that led to the constitutional violation.
> 28. Defendant cities failed to properly train and supervise their officers, exhibiting deliberate indifference to the rights of citizens.
> 29. Defendant's actions and omissions were the moving force behind Plaintiffs' injuries.
> 30. Defendant cities failed to adequately train and supervise their officers regarding proper use of force and lawful search and seizure.
> 31. Defendants exhibited deliberate indifference by allowing a pattern of unconstitutional actions to persist.
> 32. As a direct result, Plaintiffs suffered damages.

(*Id.* at 6). The Powells allege that Chief Diaz "knew or should have known" that his officers were engaging in unconstitutional conduct but failed to take corrective action. (*Id.* at 5). The amended complaint does not contain any other allegations, whether factual or legal, relating to the Powells' claims against the City of Houston.

The Powells allege that as a result of the defendants' actions, each of them suffered mental distress, reputational harm, and defamation of character. (*Id.* at 4). As relief, they seek compensatory damages, punitive damages, an injunction to require additional police training, and attorney's fees and costs. (*Id.* at 6-7).

The City of Houston moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 11). The City contends that the amended complaint is conclusory and does not allege facts sufficient to state a claim for any violation of any constitutional right or for municipal liability. (*Id.* at 5-10). The City also contends that the claims for intentional infliction of emotional distress should be dismissed as barred by the Texas Tort Claims Act. (*Id.* at 10-11).

In their response, the Powells allege new facts about their claims for an unlawful search and seizure, the use of excessive force, and the basis for the City's municipal liability. (Docket Entry No. 12, pp. 6-8, 11-14, 15-17). They also clarify that their claims for intentional infliction of emotional distress are filed only against the individual police officers in their individual capacities, not the City. (*Id.* at 9-11). The Powells maintain that they have sufficiently pleaded all of their claims. (*Id.* at 14-15). But they also argue that they should be permitted to conduct discovery concerning their claims of municipal liability to discover the facts needed to support those claims. (*Id.* at 14). In addition, while insisting that they have sufficiently pleaded their claims, they ask to be granted leave to amend if the court finds any aspect of their amended complaint to be deficient. (*Id.* at 18).

In its reply, the City asserts that the Powells may not avoid a motion to dismiss by alleging new facts in a response to that motion. (Docket Entry No. 16, pp. 1-2). The City also contends that, even with the new allegations, the Powells fail to allege any actionable claims. (*Id.* at 2).

## II.     The Legal Standards.

### A.     Actions Under 42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126

3

F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

> **B.    Motions to Dismiss.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). This includes documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims, and publicly available judicial documents. *See Payne v. City of Houston*, Appeal No. 24-20150, 2025 WL 999085, at *1 (5th Cir. Apr. 3, 2025).

In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."

4

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But to survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). And the facts alleged must be "enough . . . to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

**III.  Discussion.**

    **A.  The Claims for Municipal Liability Against the City of Houston.**

The Powells allege that the City of Houston is liable to them because it "maintained an official policy, custom, or practice" the led to constitutional violations and because it failed to train and supervise its employees. (Docket Entry No. 2, p. 6). The City contends that the Powells' claims against it fail to state a claim upon which relief can be granted. Review of the Powells' amended complaint shows that it does not allege sufficient facts to state a claim against the City under any theory of municipal liability.

        **1.  The Legal Standards for Municipal Liability Claims.**

Under § 1983, municipalities are not liable under the doctrine of *respondeat superior* for the unconstitutional actions of their employees. *See Monell v. Dep't of Social Servs.*, 436 U.S.

5

658, 691 (1978). Instead, a plaintiff seeking relief against a municipal defendant, such as a city or county, must establish that the allegedly unconstitutional conduct is "directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In general, this requires the plaintiff to (1) identify an official policy, (2) that was promulgated by a municipal policymaker, and (3) that was the moving force behind the violation of a constitutional right. *See Henderson v. Harris County, Tex.,* 51 F.4th 125, 130 (5th Cir. 2022) (per curiam), *cert. denied*, 143 S. Ct. 2661 (2023). The factual allegations necessary to establish these elements depend on the nature of the plaintiff's municipal liability claim. But in all cases, "to get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Id.* (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)).

          a.       **Claims for An Unconstitutional Policy.**

To state a claim based on an allegedly unconstitutional policy, the plaintiff must first identify the official policy underlying the alleged violation. An official policy may be either (1) "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority," or (2) "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). When the plaintiff alleges that a municipality is liable based on an unadopted custom or practice, the plaintiff must also allege facts showing that the municipality had actual or constructive knowledge of that

6

custom or practice. *Id.* This requires factual allegations showing that the actions of municipal employees "have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Id.* at 842. Isolated incidents of unconstitutional conduct are not sufficient to meet this standard. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

Assuming the plaintiffs have identified an official policy, the plaintiffs must also allege facts showing that the policy was the moving force behind the alleged violation. To do this, the plaintiffs may show either that (1) the policy itself violated federal law or authorized or directed the deprivation of federal rights; or (2) the policy was adopted or maintained with "deliberate indifference" to its known or obvious consequences. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997)). To show deliberate indifference, the plaintiffs must allege facts demonstrating a "pattern of similar violations" that are sufficient to put the municipal policymaker on notice that a constitutional violation may result from their failure to act. *Liggins v. Duncanville, Tex.*, 52 F.4th 953, 956 (5th Cir. 2022).

### b.    Claims for a Failure to Train.

To allege a claim for municipal liability on a theory of a failure to train, the plaintiffs must allege facts showing that: "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson v. Dallas County, Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). To show deliberate indifference, the plaintiff must allege facts showing that municipal

policymakers made "a deliberate choice to follow a course of action . . . from among various alternatives." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989) (cleaned up). This requires the plaintiffs to allege facts showing "a pattern of similar constitutional violations by untrained employees," that would put the policymaker on notice that the particular course of training is inadequate but that the policymaker failed to respond despite this notice. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011). "While the specificity required [for the pattern of violations] should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

### c. Claims for a Failure to Supervise.

To allege a claim for municipal liability on a theory of a failure to supervise, the plaintiffs must allege facts showing that (1) the city failed to supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise and the alleged violation of the plaintiffs' rights; and (3) it was, or should have been, obvious to municipal policymakers that the "highly predictable consequence" of not supervising the officers was that the officers would violate the plaintiffs' constitutional rights. *See, e.g., Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994). As with a claim for failure to train, the plaintiff claiming a failure to supervise must allege facts showing a pattern of similar violations that would make the need for more supervision "obvious." *City of Canton,* 489 U.S. at 390. "Plaintiffs must show that in light of the duties assigned to specific officers or employees the need for more or different [supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the

city can reasonably be said to have been deliberately indifferent to the need." *Murray v. LeBlanc*, 629 F. Supp. 3d 437, 457 (M.D. La. 2022) (cleaned up).

### 2. The Powells' Allegations.

The Powells' only allegation against the City is that it "had a pattern or practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers." (Docket Entry No. 2, p. 4). The amended complaint does not contain any *facts* to support this conclusory allegation. The Powells do not allege *facts* showing that there is a persistent, widespread practice by City employees of conducting warrantless searches or using excessive force that is so common as to constitute a custom or practice that fairly represents municipal policy. They do not allege *facts* showing a pattern of similar constitutional violations by untrained or unsupervised City police officers that would be sufficient to put City officials on notice of the need for more or different training or supervision. Instead, the amended complaint contains only conclusory allegations based on the single alleged incident at the Powells' residence. Such "naked assertions" of the elements of a cause of action that are "not supported by further factual enhancement" are insufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678. In the absence of any factual allegations showing a pattern of similar violations that City officials ignored, the Powells' amended complaint fails to state a claim for municipal liability.

In their response to the City's motion to dismiss, the Powells allege additional facts about the incident that occurred at their residence. But the court may not consider new facts alleged for the first time in a response to a motion to dismiss when ruling on that motion. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint."). And even if the court could consider these new allegations, the Powells still do not

allege *facts* showing that City had a policy or practice of permitting unwarranted searches or using excessive force or that there was a pattern or practice of similar violations to which the City was deliberately indifferent. The Powells' conclusory allegations of unspecified past wrongdoing, with no factual allegations of a specific pattern of prior violations, do not satisfy the required pleading standard and are insufficient to state a claim.

To bolster their claims against the City, the Powells direct the court's attention to the case of *Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010), contending that it provides factual support for their claim of a pattern or practice of unconstitutional conduct by City of Houston police officers and a failure to train by the City.[2] (Docket Entry No. 12, pp. 3-4). In that case, the Fifth Circuit affirmed summary judgment in favor of the City because the plaintiffs failed to point to any evidence of a pattern or practice of violations sufficient to put the city on notice of the need for additional training. *Id.* at 547-48. The Powells cite no authority for their apparent contention that they can incorporate the factual basis of a 14-year-old published appellate decision in their amended complaint by reference. *Compare Reyes v. Greer*, 686 F. Supp. 3d 524, 545 (W.D. Tex. 2023) (rejecting the plaintiff's attempt to meet his pleading burden by "incorporat[ing], wholesale, the factual bases for this Division's recent civil rights decisions into his Complaint by one oblique reference"). But even assuming that the court could consider the facts contained in the *Valle* decision, they do not provide a factual basis for the City's pattern or practice of ignoring

---

[2]The Powells state in their response that the Fifth Circuit "upheld *Monell* liability against the City of Houston" in the *Valle* case. (Docket Entry No. 12, p. 2). This is incorrect. The Fifth Circuit affirmed the summary judgment entered in favor of the City. *Valle v. City of Houston*, 613 F.3d 536, 550 (5th Cir. 2010).

constitutional violations because the Fifth Circuit specifically found no evidence of such a pattern or practice in that case. This incorporation of the facts in the *Valle* decision, even if permissible, does not satisfy the pleading requirements of *Iqbal* so as to avoid the City's motion to dismiss.

The Powells also seem to contend that they are entitled to conduct discovery before having to allege the specific facts necessary to support their claims. (Docket Entry No. 12, p. 18). But "a party must have a good faith legal and factual basis for a claim *before* a claim is made." *Byrd v. Madisonville Consol. Indep. Sch. Dist.*, No. 4:19-CV-4473, 2020 WL 2850755, at *1 (S.D. Tex. June 1, 2020). The Rules of Civil Procedure do not permit a plaintiff to make boilerplate allegations in a complaint and then argue in response to a motion to dismiss that he will allege further facts after discovery. *See Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (per curiam) (explaining that "a plaintiff needs to exercise reasonable due diligence and provide some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct") (cleaned up); *Byrd*, 2020 WL 2850755, at *1 (rejecting the plaintiff's argument that she should be allowed discovery so that she could allege facts to support her claim for municipal liability). The Powells' argument that they should be permitted to engage in discovery *before* they plead a sufficient claim against the City turns the Rules of Civil Procedure upside down.

In sum, the Powells' amended complaint does not allege sufficient facts to support a claim of municipal liability against the City. The City's motion to dismiss these claims is granted, and the Powells' claims against the City for municipal liability, failure to train, and failure to supervise are dismissed.

### 3. The Powells' Request for Leave to Amend.

While the Powells maintain that their amended complaint sufficiently alleges a claim for municipal liability under multiple theories, they ask the court, in the alternative, to grant them leave to amend their complaint "if the Court finds [their] claims deficient in any respect."

In general, courts will provide parties with an opportunity to amend their pleadings before dismissing a complaint. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). But leave to amend is not required when the plaintiff has already pleaded his "best case." *Id.* Therefore, the Fifth Circuit has repeatedly held that a plaintiff is not entitled to insist on one hand that his complaint sufficiently states a claim while on the other hand asking for leave to amend if the court disagrees, particularly when the plaintiff also fails to furnish the court with a proposed amended pleading. *See, e.g., Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2023) (finding no abuse of discretion in the district court's denial of leave to amend when the plaintiffs, "almost as an afterthought, . . . tacked on a general curative amendment request" at the end of their response to a motion to dismiss without demonstrating how they would cure the pleading defects); *Babb v. Dorman,* 33 F.3d 472, 479 (5th Cir. 1994) (affirming the refusal to grant a plaintiff leave to amend his complaint because he declared the sufficiency of his pleadings and did not offer a sufficient amended complaint in response to the defendant's motion to dismiss); *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986) (when the plaintiff declares the adequacy of his complaint and fails to file an amended or supplemental complaint, the plaintiff "cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold"); *see also Jackson v. Town of Bernice*, No. 18-757, 2018 WL 4926343, at *6 (W.D. La. Sept. 21, 2018) ("Having chosen not to amend and simply state that the initial pleading is

sufficient, Jackson is not entitled to additional opportunities to replead his claims at this time."), *report and recommendation adopted*, 2018 WL 4924027 (W.D. La. Oct. 10, 2018).

In this case, the Powells have maintained throughout their response that they have alleged sufficient facts to support a claim for municipal liability against the City under multiple theories. Because they insist that their existing allegations are sufficient, they have not filed a proposed second amended complaint. Having asserted that they have already filed their best case, the Powells have not shown that they are entitled to leave to amend. Their request for leave to file a second amended complaint against the City is denied.

### B. The Claims for Unlawful Search and Seizure and Excessive Force.

The Powells also allege claims for an unlawful search and seizure and excessive force against "the Defendants," which would include the City. The City contends that their allegations fail to state a claim upon which relief can be granted.

As explained above, the Powells cannot hold the City liable for the allegedly unconstitutional acts of its employees. *See Monell*, 436 U.S. at 691. Any unlawful search and seizure that may have occurred and any excessive force that may have been used arose from the acts of the City's employees—not the City itself. Because the Powells have failed to allege legally sufficient claims for municipal liability and because they may not hold the City vicariously liable for the allegedly unconstitutional acts of its employees, the Powells have failed to state a claim against the City for either an unlawful search and seizure or excessive force. The City's motion to dismiss these claims against it is granted, and these claims are dismissed with prejudice.

### C. The Claims for Intentional Infliction of Emotional Distress.

The Powells allege claims for intentional infliction of emotional distress against "the defendants." To the extent that they bring this claim against the City under § 1983, they fail to

state a claim upon which relief can be granted because such claims do not allege a violation of a constitutional right. *See Wolfe v. Quave,* 79 F. App'x 648, 648 (5th Cir. 2003) (per curiam) (a "claim for intentional infliction of emotional distress fails to rise to the level of a constitutional violation"); *Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) ("[A] tort law claim of intentional infliction of emotional distress does not give rise to a constitutional deprivation actionable under [§] 1983."); *Dibrell v. Huber*, No. CIV.A.H-04-4854, 2006 WL 14570, at *4 (S.D. Tex. Jan. 3, 2006) ("[A] claim of intentional infliction of emotional distress . . . cannot form the basis of a § 1983 action because there is no constitutionally protected interest at stake.").

To the extent that the Powells bring these claims under state law, the City is immune from liability. A Texas municipality, such as the City, is immune from actions under Texas common law unless the Texas Legislature has expressly waived that city's governmental immunity. *See Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994). The legislature has waived immunity only to the extent explicitly stated in the Texas Tort Claims Act. *See Lowe v. Tex. Tech. Univ.,* 540 S.W.2d 297, 298-99 (Tex. 1976) (citing Tex. Civ. Prac. & Rem. Code § 101.001–.109); *Harris Cnty. Sports & Convention Corp. v. Cuomo*, 604 S.W.3d 149, 153 (Tex. App.–Houston [14th Dist.] 2020, no pet.). The City is immune from the Powells' intentional infliction of emotional distress claim unless the Texas Tort Claims Act clearly waives that immunity. *See York,* 871 S.W.2d at 177; *Duhart v. State,* 610 S.W.2d 740, 742 (Tex. 1980).

But the Texas Tort Claims Act waives immunity in only three areas: (1) use of publicly owned vehicles, (2) premises defect, and (3) conditions or use of tangible property. *See Mogayzel v. Tex. Dep't of Transp.*, 66 S.W.3d 459, 464 (Tex. App.—Fort Worth 2001, pet. denied). If the plaintiff's claims do not fall within one of these areas, the municipality remains immune from both suit and liability. *Id.* In addition, the City is immune under the Texas Tort

Claims Act from suits arising out of intentional torts of its employees. *See Cox v. City of Fort Worth, Tex.*, 762 F. Supp. 2d 926, 935 (N.D. Tex. 2010). This includes claims arising out of "assault, battery, false imprisonment, or any other intentional tort." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 101.057); *see also Thomas v. State*, 294 F. Supp. 3d 576, 614 (N.D. Tex. 2018) (claims for intentional infliction of emotional distress are intentional torts from which the City is immune).

The Powells' claims against the City for intentional infliction of emotional distress do not fall within any of the three exceptions to immunity provided by the Texas Tort Claims Act. Instead, they are claims for an intentional tort for which the City is immune. Because the City is immune from the claims, the City's motion to dismiss them is granted. The Powells' claims against the City for intentional infliction of emotional distress are dismissed with prejudice, because amendment would be futile.

### IV.     Conclusion

Based on the above, the court orders that the City of Houston's motion to dismiss, (Docket Entry No. 11), is granted. The Powells' claims against the City of Houston are dismissed with prejudice.

SIGNED on June 6, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge