UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN POWELL & JOHNATHAN POWELL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-1360 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT J. NOE DIAZ'S MOTION TO DISMISS**

John Powell and Johnathan Powell, through counsel, have sued the City of Houston; City of Houston Secretary Pat Daniel; City of Houston Police Chief J. Noe Diaz; the City of Katy; City of Katy Secretary Becky L. McGrew; City of Katy Police Chief Byron Woytek; and various unidentified City of Houston and City of Katy police officers under 42 U.S.C. § 1983 and state law. (Docket Entry No. 2). Their claims arise out of an incident that occurred at the Powell residence in Harris County, Texas. (*Id.*). Chief Diaz has moved to dismiss the Powells' amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 13). The Powells have not responded to his motion, and their time to do so has now expired. Based on the court's review of the motion, the record, and the law, the court grants Chief Diaz's motion and dismisses this action against him with prejudice, because leave to amend would be futile. The reasons for this ruling are explained below.

**I.      Background**

In their amended complaint, the Powells allege that on November 8, 2023, the "Defendants" conducted a warrantless search of their residence in Harris County. (Docket Entry

No. 2, p. 4). During the search, the "Defendants" broke a set of French doors, several deadbolts, bedroom doors, commercial storage locks, and a television. (*Id.*). The Powells allege that Johnathan Powell was "unlawfully handcuffed" during the search, and that John Powell was subjected to excessive force and intimidation. (*Id.*). They allege that as a result of the defendants' actions, they each suffered mental distress, reputational harm, and defamation of character. (*Id.* at 4). As relief, they seek compensatory damages, punitive damages, an injunction to require additional police training, and attorney's fees and costs. (*Id.* at 6-7).

The Powells' amended complaint asserts claims for unlawful search and seizure, excessive force, municipal liability, failure to train and supervise, and intentional infliction of emotional distress. (*Id.* at 5-6). The Powells allege that the City of Houston "had a pattern or practice of tolerating excessive force and unlawful searches and failed to properly train or supervise their officers." (*Id.* at 4). They allege that Chief Diaz "knew or should have known" that his officers were engaging in unconstitutional conduct but failed to take corrective action. (*Id.* at 5). But the amended complaint does not contain any other allegations, whether factual or legal, relating to the Powells' claims against Chief Diaz.

Chief Diaz moved to dismiss the claims against him under Rule 12(b)(6). (Docket Entry No. 13). He contends that the claims against him in his official capacity should be dismissed as redundant of the Powells' claims against the City. (*Id.* at 5-6). He alleges that the Powells' claims for an unlawful search and seizure and excessive force should be dismissed for failing to state a claim. (*Id.* at 6-8). And he contends that the claims for intentional infliction of emotional distress should be dismissed as barred by the Texas Tort Claims Act. (*Id.* at 8-9).

The Powells did not file a response to Chief Diaz's motion, and their time to do so has now expired.

## II.　The Legal Standards.

### A.　Actions Under 42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties— can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B.　Motions to Dismiss.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). This includes documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims,

and publicly available judicial documents. *See Payne v. City of Houston*, Appeal No. 24-20150, 2025 WL 999085, at *1 (5th Cir. Apr. 3, 2025).

In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But to survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

**III.   Discussion.**

    **A.   The § 1983 Claims Against Chief Diaz in his Official Capacity.**

The Powells sue Chief Diaz solely in his official capacity. (Docket Entry No. 2, p. 1). Because of this, Chief Diaz moves to dismiss the § 1983 claims as redundant of the Powells' claims against the City of Houston.

When a government employee is sued in his official capacity, the employing entity is the real party in interest for the action. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Because a claim against a government employee in his official capacity is tantamount to a suit against the municipal entity, "when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as 'redundant' to the municipal-entity claim." *Schweitzer v. Dagle*, No. 3:22-CV-00273, 2024 WL 1348415, at *5 (S.D. Tex. Mar. 27, 2024), *report and recommendation adopted,* 2024 WL 1622636 (S.D. Tex. Apr. 15, 2024) (cleaned up).

The Powells' claims against Chief Diaz in his official capacity are redundant to those they pleaded against the City of Houston, which have previously been dismissed. The claims against Chief Diaz are subject to dismissal on the same basis as the Powells' claims against the City. Diaz's motion to dismiss the claims against him in his official capacity is granted, and those claims are dismissed with prejudice as redundant.

### B.   The Claims for Unlawful Search and Seizure and Excessive Force

The Powells clearly state that they are suing Chief Diaz only in his official capacity. (Docket Entry No. 2, p. 1). But to the extent that their amended complaint could be construed as seeking relief against Chief Diaz individually for the allegedly unlawful acts of other City of Houston police officers, the Powells fail to allege facts sufficient to establish supervisory liability.

To hold a supervisory official liable under § 1983, the plaintiffs must allege facts showing either (1) the supervisor's personal involvement in a constitutional deprivation, and (2) a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) that

the supervisory official implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Only the direct actions or omissions of the supervisory official, not the actions of his or her subordinates, will make that official individually liable under § 1983. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *See Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).

To the extent that the Powells seek to hold Chief Diaz liable as a supervisor for the actions of the City of Houston officers present at the Powells' residence, they fail to state a claim upon which relief may be granted. Chief Diaz may not be held vicariously liable for the actions of his subordinates. The Powells do not allege any *facts* showing that Chief Diaz personally violated any of their constitutional rights. And they do not identify any policy implemented by Chief Diaz that is so deficient that the policy itself is a repudiation of constitutional rights. Their allegations are both factually and legally insufficient to state a claim for supervisory liability against Chief Diaz. The claims against Chief Diaz based on a theory of supervisory liability are dismissed with prejudice, because leave to amend would be futile.

    **C.**  **The State-Law Claim for Intentional Infliction of Emotional Distress.**

The Powells allege a claim for intentional infliction of emotional distress against "the defendants." To the extent that they bring this claim against Chief Diaz under § 1983, they fail to state a claim upon which relief can be granted because they do not allege a violation of a constitutional right. *See Wolfe v. Quave,* 79 F. App'x 648, 648 (5th Cir. 2003) (per curiam) (a "claim for intentional infliction of emotional distress fails to rise to the level of a constitutional violation"); *Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) ("[A] tort law claim of

intentional infliction of emotional distress does not give rise to a constitutional deprivation actionable under [§] 1983."); *Dibrell v. Huber*, No. CIV.A.H-04-4854, 2006 WL 14570, at *4 (S.D. Tex. Jan. 3, 2006) ("[A] claim of intentional infliction of emotional distress . . . cannot form the basis of a § 1983 action because there is no constitutionally protected interest at stake.").

To the extent that the Powells allege this claim against Chief Diaz under state law, their claims are barred by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.001–.109. The Texas Tort Claims Act contains an election-of-remedies provision, which requires the plaintiffs to choose between suing a municipality or an employee of that municipality. *See* TEX. CIV. PRAC. & REM. CODE § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). If the plaintiffs choose to sue the municipality, that "constitutes an irrevocable election" by them and "bars any suit or recovery by [them] against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). The election-of-remedies provision covers all state tort claims, whether intentional or negligent, and whether brought under common law or the Texas Tort Claims Act. *See Bustos*, 599 F.3d at 463–64.

If a municipal employee is sued for actions taken in the scope of his employment and moves to dismiss based on the election-of-remedies provision, that motion must be granted "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." TEX. CIV. PRAC. & REM. CODE § 101.106(f). Essentially, § 101.106(f) "mandates plaintiffs to pursue lawsuits against governmental units rather than their employees, and entitles the employee to dismissal of the relevant tort claim." *Wilkerson v. Univ. of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 159 (5th Cir. 2017) (citing *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017), and *Tex.*

*Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 352 (Tex. 2013)). "Although recognized as a harsh grant of immunity, [§ 101.106] serves the purpose of protecting government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers." *Jackson v. Dallas Indep. Sch. Dist.*, No. 3:98-CV-1079-D, 1999 WL 58846, at *5 (N.D. Tex. Feb. 1, 1999), *aff'd*, 232 F.3d 210 (5th Cir. 2000) (cleaned up).

In their amended complaint, the Powells allege claims for intentional infliction of emotional distress against both the City of Houston and Chief Diaz. By choosing to sue the City, the Powells made an irrevocable election of remedies and so are barred from suing Chief Diaz regarding that same claim. In addition, Chief Diaz moved to dismiss this claim and invoked the election-of-remedies provision, but the Powells did not file an amended complaint dismissing Chief Diaz and naming solely the City in response to that motion. For both reasons, the Powells' claims against Chief Diaz are barred under the Texas Tort Claims Act. Chief Diaz's motion to dismiss the Powells' claims for intentional infliction of emotional distress is granted, and these claims are dismissed with prejudice, because leave to amend would be futile.

## IV. Conclusion

Based on the above, the court orders that Chief J. Noe Diaz's motion to dismiss, (Docket Entry No. 13), is granted. The Powells' claims against Chief Diaz are dismissed with prejudice for failure to state a claim.

SIGNED on June 6, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge